NO.

| | |
|---|---|
| KENNETH ROSA<br><br>v.<br><br>TFRM<br><br>Mark Jaycox<br><br>Linda Mohrmann aka Linda Mohr<br><br>Glenn Shepherd | UNITED STATES DISTRICT COURT<br><br>EASTERN DISTRICT OF MISSOURI<br><br>**4:23CV1046 MTS**<br><br><br><br>Date: August 18th, 2023<br><br>Case no. |

AUG 22 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## Verified Complaint and Affidavit Re: Emergency Order for temporary restraining order—Without notice [Fed. R. Civ. P. 65(d)] pursuant to § 47:103

1. **Plaintiff:**

   Plaintiff is Kenneth Rosa an individual who resides in Saint Louis County, Missouri.

NO.

2. **Defendants**

   (a) The Fathers' Rights Movement (Now known as TFRM) The Fathers' Rights Movement was registered as a 501C3 nonprofit out of P.O. Box 97, Madison Lake, MN 56063 and was founded or about 2013 in Wasilla, AK. In 2017 The Fathers Right Movement was abandoned, and the Directors then registered "TFRM" which became registered in Miami, FL on or about 2020 and finalized in Minnesota in 2022. TFRM is mainly a social media platform that specializes in helping fathers navigate family courts.

   (b) Defendant Jaycox became the President of the Board OF Directors (BOD) for TFRM on or about approximately December 2021 and resides in Madison Lake, MN 56063.

   (c) Defendant Mohrmann aka Mohr became the treasurer of the board for TFRM on or about approximately December 2021 and resides in San Andreas, California 95249.

   (d) Defendant Shepherd became a board member of TFRM on or about approximately December 2021 and resides in Penacook, New Hampshire 03303.

3. **Jurisdiction:**

The incidents that gave rise to this cause of action took place in Saint Louis County and, therefore, venue is proper in Saint Louis County, Missouri.

NO.

4. **Statement of Facts:**

   a. The following specific facts set forth in this verified complaint and affidavit clearly show that immediate and irreparable injury, loss, and damage will result to the Plaintiffs if immediate relief is not granted before the adverse parties can be heard in opposition.

   b. Plaintiff submits that his Trademark known as "The Fathers' Right Movement has been used all over the internet and on various social media platforms while TFRM has no right to do so and has also been receiving donations for their own personal gain. Plaintiff has been relentlessly harassed and abused on social media by the above cited Defendants based on the following :

**COUNT ONE** – **Trademark Infringement under 15 U.S.C. § 1114(1),**

1. On the non-profits website, known as "The Fathers' Right Movement", TFRM holds itself to the public as a comprehensive organization committed to changing kids access to their father after a separation or divorce with an extensive advocacy in the field of domestic relations where they represent both men and women in matters pertaining to divorce, paternity, child custody, child support and spousal support.

2. On its website, Defendant TFRM holds itself to the public as a comprehensive mental health and consulting service provider consisting of a unique, experienced group of caring mental health professionals who provide services similar to the national suicide prevention hotline.

3. According to defendant TFRM's website defendant Jaycox was previously a BOD vice president before leaving the organization for several years.

4. According to defendant TFRM's website defendant Mohrmann was a previous BOD member before leaving the organization for several years.

NO.

5. Plaintiff's claim that The Fathers' Rights Movement Trademark, which belongs to Plaintiff were infringed when TFRM still uses the name "The Fathers' Rights Movement" on all social media platforms, it's website, the internet and in advertising. Plaintiff alleges that this display is to cause confusion among the establishments' patrons as to (a) the origin or sponsorship of the services being supplied and (b) the affiliation of, or connection between, Defendants and The Fathers' Rights Movement.

6. "A 'trademark' is any word, name, symbol, or device, or any combination thereof – used by a person ... to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods ...." Lovely Skin, Inc. v. Ishtar Skin Prods., LLC, 745 F.3d 877, 882 (8th Cir. 2014) (quoting 15 U.S.C. § 1127) (first alteration in original). "The term 'service mark' means any word, name, symbol, or device or any combination thereof . . . [used] to identify and distinguish the services of one person including a unique service, from the services of others and to indicate the source of the services . . . " 15 U.S.C. § 1127. The same criteria govern whether a registered mark for goods or services is infringed. See 15 U.S.C. § 1114(1).

**COUNT II: Section 43 of the Lanham Act, 15 U.S.C. § 1125**

Section 43 of the Lanham Act, 15 U.S.C. § 1125, provides, in relevant part, for liability under the Act on the part of

[a]   Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof,

NO.

... which –

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .

The question of trademark infringement, and of unfair competition, is whether there is a likelihood of confusion. See Wired for Sound, 845 F.3d at 1249. Factors to be considered include "the similarity between the trademark owner's mark and the alleged infringing mark"; "the degree to which the allegedly infringing services competes with the trademark owner's services"; "the alleged infringer's intent to confuse the public"; and "the degree of care reasonably expected of potential customers." 8 Comty. of Christ Copyright Corp. v. Devon Park. Restoration Branch of Jesus Christ's Church, 634 F.3d 1005, 1009 (8 th Cir. 2011); accord Warner Bros. Entm't Inc. v. X One X Prods., 840 F.3d 971, 981 (8th Cir. 2016). Consideration of these factors militates against the likelihood of confusion.

TFRM is still using the Trademark "The Fathers' Rights Movement" notwithstanding that The Fathers' Rights Movement was abandoned in 2017. The Plaintiff is the registered owner of The Trademark known as The Fathers' Rights Movement. The only thing that TFRM is doing is to cause confusion and to infringe on Plaintiff's legal rights to his Trademark. Notwithstanding this TFRM is obtaining donations as a non profit organization in the name of The Fathers' Rights Movement and not TFRM. All posts and social media platforms are still using the name The Fathers' Rights Movement although the Directors and TFRM has absolutely no right to do so.

NO.

### Count III: Violation of Mo.Rev.Stat. § 417.061.

Section 417.061 provides for injunctive relief against a defendants using a counterfeit mark. "'The gravamen of a dilution complaint [under § 417.061] is that the [defendant's] continuing use of a mark similar to the plaintiff's mark will inexorably have an adverse effect upon the value of the plaintiff's mark, and that . . . the plaintiff's mark will eventually be deprived of all distinctiveness.'" St. Louis Univ. v. Meyer, 625 F.Supp.2d 827, 831 (E.D. Mo. 2008) (quoting Frosty Treats Inc. v. Sony Comput. Entm't America Inc., 426 F.3d 1001, 1011 (8th Cir. 2005) (last two alterations in original). See also Comty. of Christ Copyright Corp., 634 F.3d at 1010 (trademark holder must show, inter alia, that "infringer's use of its mark created a likelihood of dilution of the distinctive quality of the mark"). Where, however, there is no strong similarity, a claim under § 417.061 fails. Sensient Techs. Corp. v. Sensory Effects Flavor Co., 613 F.3d 754, 770 (8 th Cir. 2010).

TFRM uses the name The Fathers' Rights Movement in all of its social media logos as well as on their website and internet based platforms.

### Common Law Unfair Competition.

Plaintiff's common law claims of unfair competition mirror those presented in Count II. "Missouri law is well settled that the same fact which support a suit for trademark infringement support a suit for unfair competition and common law infringement." Comty. of Christ Copyright Corp., 634 F.3d at 1010.

NO.

TFRM is using the name of The Fathers' Rights Movement to obtain donations from the general public for its own personal gain and The Fathers' Rights Movement has absolutely no knowledge in any of these donations that are illegally being obtained by TFRM under the name of The Fathers' Rights Movement.

Vicarious liability "requires 'a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.'" Id. (quoting Hard Rock Café Licensing Corp v. Concession Servs., Inc., 955 F.2d 1143, 1150 (7th Cir. 1992)). Similarly, there must be underlying direct infringement by someone other than the secondarily liable defendant in order to hold that defendant liable on a contributory infringement theory. It is abundantly clear that TFRM and its Directors have done exactly that.

## APPENDIX

Exhibits attached hereto contains the following:

i. Abandonment of the Trademark in 2017
ii. Registration of the Trademark by Plaintiff
iii. Registration of TFRM
iv. Proof of various social media accounts, website and internet platform accounts

NO.

## CONCLUSION

The Plaintiff Kenneth Rosa hereby has proved with substantiated facts as set forth in this affidavit and verified complaint and affirms that there exists no other remedy available in this action other than for the Court to grant this temporary emergency injunction to avoid further irreparable harm to the Plaintiff. Plaintiffs legally trademarked social media accounts should be unblocked from him by defendant Jaycox and access and control given back to plaintiff as it was from August 2020 until June 2023. All other access and control to all defendants should be immediately revoked at that time.

*[signature]*

Kenneth Rosa

Pro se

Box 437

Eureka, MO 63025

314-660-9549

FLRProperties@yahoo.com